IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ERICA AMMERMULLER, ALLISON
AMMERMULLER, ARTHUR
AMMERMULLER and SUZANNE
CERABONE, husband and wife, and
CHRISTOPHER WOOD and JANET
TIMKO, husband and wife,
    Plaintiffs,

v.                              CIVIL ACTION NO: 1:10cv93

PAUL GARRETT SMITH,
dba P.H. ONE TRUCKING,
DAVID S. GILB, STATE OF
WEST VIRGINIA, DEPARTMENT
OF TRANSPORTATION, DIVISION OF
HIGHWAYS, and, WEST VIRGINIA
PUBLIC SERVICE COMMISSION,
    Defendants.

## ORDER DECIDING DEFENDANT PAUL GARRETT SMITH dba P.H. ONE TRUCKING AND DAVID GILB'S MOTION FOR JOINT DISCOVERY DEPOSITIONS [DE 67]

December 8, 2010 Defendants, Paul Garret Smith [Smith] and David Gilb [Gilb] filed their Motion for joint discovery depositions [DE 67]. Defendant, Department of Transportation, Division of Highways [DOT/DOH], filed its response in opposition to the motion on December 15, 2010 [DE 70]. Defendant, The West Virginia Public Service Commission [PSC], filed its response in opposition December 22, 2010. Plaintiffs did not file a response to the motion. The District Judge referred this non-dispositive motion to the undersigned Magistrate Judge in accord with 28 U.S.C. §636 (b)(1)(A) by Order dated December 10, 2010 [DE 68]. The motion and the issues joined by the responses is not complex and does not require a hearing or further pleading [Reply Briefs are not required].

The within federal civil action was initiated by individuals [Ammermuller Plaintiffs]

claiming injuries from a July 30, 2008 multi-vehicle accident which occurred on the exit 10 ramp from I-68 outside of Morgantown, West Virginia.  The action was started in the Circuit Court of Monongalia County, West Virginia and thereafter removed to this federal court.  A separate state court action was initiated and is now pending in an Indiana state court by other persons [Asklar Plaintiffs] who allege they were injured in the July 30, 2008 Monongalia County, West Virginia accident.  It is undisputed that both actions arise from the same multi-vehicle accident which occurred in Monongalia County, West Virginia on July 30, 2008.  According to the motion pleadings, of the defendants named in the Indiana suit [David Gib, Paul Garrett Smith dba P.H. Trucking, Empire Fire and Marine Insurance Co. dba Zurich, and Northland Insurance], only Gib and Smith are common defendants with the defendants named in the within federal civil action.  No defendant in either action except Gib and Smith have agreed to any consolidation of the federal and state court actions for limited discovery purposes.

F.R.Civ.P. 42(a) provides: **"Consolidation.  If *actions before the court* involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.** [emphasis added].

F.R.Civ.P. 42(a) is only applicable with respect to actions that are pending before the federal court which, in this case, is the United States District Court for the Northern District of West Virginia.  This Court has no jurisdiction and F.R.Civ.P. 42(a) does not extend this Court's procedural jurisdiction over an action or the parties in an action which is pending before the state court in Indiana.

Movants rely on J4 Promotions, Inc. v. Splash Dogs, LLC and Capitol Specialty Ins. Corp. v. Splash Dogs, LLC , [Splash Dogs] 2010 U.S. Dist. Lexis 87844, WL 3063217 (S.D. Ohio Aug.

3, 2010). The facts of Splash Dogs are fundamentally different from those in this case. Splash Dogs involved two cases pending before the United States District Court for the Southern District of Ohio as opposed to the within situation of a case in the state court of Indiana and a case in the Northern District of West Virginia. Notwithstanding that the two Splash Dogs cases were pending in the same Federal Court, the Splash Dogs Court denied the motion to consolidate for discovery purposes finding that the two cases were pending at very different stages of the discovery process and that consolidation for discovery therefore would not result in significant efficiency. Splash Dogs does not stand for the proposition that F.R.Civ.P. 42(a) authorizes a federal court to order discovery in civil actions pending before it and in a state court consolidated. Other than Splash Dogs, Smith and Gilb offer no other authority for this federal court to order consolidation of discovery in civil cases pending in the courts of two different sovereign entities.

For the reasons stated herein, Smith and Gilb's Motion For Joint Discovery Deposition [DE 67] is **DENIED.**

The Clerk is directed to remove DE 67 from the docket of motions actively pending before the court and to provide all counsel of record in the within civil action with a copy of this Order.

It is so **ORDERED**.

Dated: December 28, 2010

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE